DENTONS US LLP
MICHAEL J. DUVALL (SBN 276994)
michael.duvall@dentons.com
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213-623-9300 / Fax: 213-623-9924

Attorneys for Defendant
**METROPOLITAN LIFE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BARBARA MCHUGH, CHARLES PATRICK MCHUGH, JOHN ELLSWORTH, and all others similarly situated       Plaintiffs,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation;<br><br>Defendant. | Case No.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Metropolitan Life Insurance Company ("MLIC") hereby removes the below-referenced action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division.

The removal is pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, specifically on the following grounds:

**PLEADINGS, PROCESS AND ORDERS**

1. On or about July 6, 2022, Plaintiffs Barbara McHugh, Charles Patrick McHugh, and John Ellsworth filed a Complaint against Defendant MLIC, alleging claims, on behalf of a putative class, for common law fraud, fraudulent concealment, violation of Unfair Competition Law (California Business & Professions Code § 17200 *et seq.*), and breach of implied covenant of good faith and fair dealing.

2. Plaintiffs' allegations concern the pricing of certain MLIC long-term care insurance policies. (Compl. ¶ 1.) Specifically, Plaintiffs allege that MLIC made representations with respect to the "5% Automatic Compound Inflation Protection Rider" and "5% Automatic Simple Benefit Increase Rider" it offered in connection with long term care insurance policies that "falsely and misleadingly" promised policyholders that their "premium is not expected to increase as a result of the benefit amount increases provided by this Rider." Plaintiffs allege that their and the putative class's premiums were increased as a result of the increased benefits the Riders provided contrary to Plaintiffs' characterizations of the representations made by MLIC. (Compl. ¶¶ 2, 3, 6.) Plaintiffs seek compensatory, general, statutory, consequential, exemplary and/or punitive damages, and attorney fees. (*Id.* ¶ 59.)

3. Plaintiffs seek to represent a class defined as follows:

> All persons in the State of California who purchased an individual long-term care insurance policy containing an Inflation Protection Rider from MLIC (or a subsidiary or affiliate thereof) at any time during the period from January 1, 1986 to the present and have been subjected to a class-wide rate increase that increased their base premium and the premium/charge paid for the Inflation Protection Riders.

(Compl. ¶ 61.)

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiffs' Complaint and all process and pleadings served on MLIC in the state court action are attached collectively as **Exhibit A**.

## TIMELINESS OF REMOVAL

5. Plaintiffs served the Complaint on MLIC on August 22, 2022.

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of MLIC's receipt of Plaintiffs' Complaint. MLIC has provided notice of the filing of this Notice of Removal to Plaintiffs by service of a copy of this Notice of Removal, as required by 28 U.S.C. § 1446(d). A true and correct copy of this Notice of Removal, along with a Notice of that filing, also will be filed with the Clerk of Court for Los Angeles County, California in accordance with 28 U.S.C. § 1446(d).

## VENUE IS PROPER

7. Venue is proper under 28 U.S.C. § 1441(a) because the United States District Court, Central District of California, Western Division, embraces the County and Court in which Plaintiffs filed this action, the Superior Court for the State of California, County of Los Angeles.

## JURISDICTION

8. This Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d)(2). Specifically, removal is appropriate under 28 U.S.C. §§ 1453 and 1446 because this action: (i) involves 100 or more putative class members; (ii) at least one putative class member is a citizen of

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

a State different from that of MLIC; and (iii) the amount in controversy more likely than not exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2) & (6).

### A. The Putative Class Consists of at Least 100 Members

9. CAFA requires that the putative class consist of at least 100 members. 28 U.S.C. §1332(d)(6).

10. Plaintiffs claim to bring this action on behalf of "all persons within the State of California" who purchased long term care insurance from MLIC containing an "Inflation Protection Rider" from January 1, 1986 to the present. (Compl. ¶ 61.) Plaintiffs assert that there are "over four thousand Class members." (*Id.* ¶ 62.) The Complaint also asserts that the members of the class "are so numerous that joinder of all members is impracticable." (*Id.*)

11. Accordingly, this case is properly removed under 28 U.S.C. §§ 1332 and 1441.

### B. The Parties are Sufficiently Diverse

12. CAFA requires minimal diversity for the purposes of establishing federal jurisdiction; at least one purported class member must be a citizen of a State different from any named defendant. 28 U.S.C. § 1332(d)(2)(A).

13. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. As alleged in the Complaint, Plaintiffs are natural persons and citizens of California. (Compl. ¶¶ 9-11.)

16. As alleged in the Complaint, MLIC is and was, at the time of the filing of the Complaint and the filing of this removal, incorporated in New York, with its principal place of business in New York. (Compl. ¶ 1.) Therefore, MLIC is a New

York citizen for diversity purposes.

17.     As Plaintiffs are California citizens and MLIC is a citizen of New York, the parties are diverse under CAFA.

**C. The Amount in Controversy Meets the CAFA Threshold**

18.     Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the $5,000,000 threshold. *Id.* § 1332(d)(6).

19.     Based on Plaintiffs' Complaint, MLIC has a reasonable, good faith belief that the amount in controversy exceeds $5,000,000 because Plaintiffs seek compensatory, general, consequential, exemplary and/or punitive damages, and attorney fees that together exceed the jurisdictional minimum. Plaintiffs specifically allege that MLIC "collected tens or even hundreds of millions of dollars in unwarranted premiums." (Compl. ¶ 59.) While a more precise amount is not alleged, this allegation relating to alleged compensatory damages, together with the other categories of damages Plaintiffs seek and the purported applicable time period (1986 to present), sufficiently establishes that the amount in controversy requirement is met.

20.     It is well-settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of claims for all categories of claimed damages (including punitive damages). *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031-32 (N.D. Cal. 2002) (aggregating claims for compensatory damages, punitive damages and attorney fees in determining amount in controversy); *Abikhalil v. Am. Med. Response Ambulance*

*Serv.*, 2016 WL 429764, at *2 (C.D. Cal. Feb. 6, 2016) (it is "well established that punitive damages are part of the amount in controversy in a civil action").

21. Accordingly, Plaintiffs' claimed compensatory, general, consequential, exemplary and/or punitive damages, and attorney fees, exceed the jurisdictional threshold amount of $5,000,000, for the purposes of removal under CAFA.

## NOTICE TO PLAINTIFF AND SUPERIOR COURT

22. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be provided to Plaintiffs, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the State of California, County of Los Angeles.

## RESERVATION OF RIGHTS

23. MLIC, by filing this Notice of Removal, does not waive any defenses or objections available to it under the law. MLIC reserves the right to amend or supplement this Notice of Removal.

Dated: August 30, 2022                     DENTONS US LLP


By: */s/ Michael J. Duvall*
    Michael J. Duvall

Attorneys for Defendant
**METROPOLITAN LIFE INSURANCE COMPANY**

1
2
## **PROOF OF SERVICE**

3
4
I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action. My business address is: 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017.

5
6
7
On August 30, 2022, I served the foregoing document, described **METROPOLITAN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453** as on the interested parties in this action, as follows:

8
9
10
THOMAS C. CRONIN (SBN 200754)
CRONIN & CO., LTD.
120 LaSalle Street, 20th Floor
Chicago, Illinois 60602
Telephone: 312-500-2100
Email: tcc@cronincoltd.com

11
12
13
14
15
ROBERT R. DUNCAN (PRO HAC VICE FORTHWITH)
JAMES PODOLNY (PRO HAC VICE FORTHWITH)
DUNCAN LAW GROUP, LLC
161 North Clark St, Suite 2550
Chicago, Illinois 60601
Telephone: 312-818-4415
Email: rrd@duncanlawgroup.com
Email: jp@duncanlawgroup.com

16
17
18
STEVEN MIKUZIS (PRO HAC VICE FORTHWITH)
MAG MILE LAW, LLC
535 North Michigan Ave., Suite 200
Chicago, Illinois 60611
Telephone: 708-576-1624
Email: steven@magmilelaw.com

19
20
21
22
MATTHEW P. KELLY (SBN 224297)
THE LAW OFFICE OF MATTHEW P. KELLY
4652 Glenalbyn Drive
Los Angeles, CA 90065
Telephone: 310-483-3608
Email: mpk@matthewpkellylaw.com

23
24
25
26
27
☐ **(VIA U.S. MAIL)** I placed a true copy of the foregoing document in an envelope addressed to each interested party as set forth above. I sealed each such envelope, and placed same, with postage thereon fully prepaid, for collection and mailing at Dentons US LLP, Los Angeles, California 90017. I am readily familiar with Dentons US LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

1   ☐ **(VIA PERSONAL SERVICE)** I served a true copy of the within document on the interested parties in this action by personally hand delivering a copy of said document to the addressee listed on this proof.

☐ **(VIA FEDERAL EXPRESS)** I deposited in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☐ **(VIA FACSIMILE)** I caused a true copy of the foregoing document to be served by facsimile transmission to each interested party at the respective facsimile numbers listed. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☒ **(VIA ECF/CM ELECTRONIC MAIL)** I transmitted the above document(s) by ECF/CM electronic mail to the interested parties via the court's website.

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. OR ☐ I declare that I have been retained by a member of the bar of this Court at whose direction this service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 30, 2022, at Los Angeles, California.

*/s Fredrick A.B. Kalve*
*Frederick A.B. Kalve*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

2   DEFENDANT METROPOLITAN INSURANCE CO.'S NOTICE OF REMOVAL