MICHAEL J. DUVALL (SBN 276994)
michael.duvall@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: 213-623-9300 / Fax: 213-623-9924

SANDRA D. HAUSER (admitted *pro hac vice*)
sandra.hauser@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089

DREW W. MARROCCO (admitted *pro hac vice*)
drew.marrocco@dentons.com
DENTONS US LLP
1900 K Street, NW
Washington, D.C. 20006

MARILYN B. ROSEN (admitted *pro hac vice*)
marilyn.rosen@dentons.com
DENTONS US LLP
233 S. Wacker Dr., Ste 5900
Chicago, IL 60606-6361

Attorneys for Defendant
**METROPOLITAN LIFE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BARBARA MCHUGH, CHARLES PATRICK MCHUGH, JOHN ELLSWORTH, and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation;<br><br>Defendant. | Case No. 2:22-cv-6152-SB (ASx)<br><br>**ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Honorable Stanley Blumenfeld, Jr. |

Defendant Metropolitan Life Insurance Company ("Defendant" or "MLIC") hereby submits this Answer and Defenses to Plaintiffs' Class Action Complaint (ECF No. 1-A) ("Complaint").

## ANSWER

Defendant responds to the allegations in each individually numbered paragraph of Plaintiffs' Complaint as follows. The headings are repeated from Plaintiffs' Complaint and are not treated as factual allegations.

## SUMMARY OF THE ACTION

1. Defendant admits that the Complaint purports to assert the claims and seek the relief described in the Complaint and Paragraph 1. Defendant denies that the Plaintiffs are entitled to this relief or any other relief, or any implication that Plaintiffs' claims have merit, and deny all remaining allegations Paragraph 1.

2. Defendant admits that it sold "5% Automatic Compound Inflation Protection Rider" and "5% Simple Benefit Increase Rider" ("**Inflation Riders**") as part of certain of its California long-term care insurance policies. Defendant states that Paragraph 2 partially quotes and refers to the Inflation Riders, the full terms of which speak for themselves and Defendant refers to the referenced Inflation Riders for the full context of the statements quoted in Paragraph 2. Defendant denies the remaining allegations in Paragraph 2.

3. Defendant states that Paragraph 3 partially quotes and refers to the Inflation Riders, the full terms of which speak for themselves and Defendant refers to the referenced Inflation Riders for the full context of the statements quoted in Paragraph 3. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant acknowledges that Plaintiffs paid premiums associated with Inflation Riders. Defendant further states that the allegations in Paragraph 5 appear to implicate language found in the Inflation Riders, the full terms of which speak for themselves. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant denies that any representation made by MLIC was a "lie." Defendant acknowledges that Plaintiffs' premium rates for long-term care insurance have increased once since the date that Plaintiffs purchased their policies. Specifically, in February 2019, Defendant submitted a premium rate increase request to the California Department of Insurance ("**CDI**") with respect to the policy forms previously purchased by the Plaintiffs, which was approved by the CDI in January 21, 2021. Defendant denies the remaining allegations in Paragraph 6.

7. Defendant denies the allegations in this Paragraph, including any implication that Plaintiffs' claims have merit, that Defendant caused any damages, and/or that class treatment is appropriate under Federal Rule of Civil Procedure 23.

8. Defendant denies the allegations in this Paragraph, including any implication that Plaintiffs' claims have merit, that Defendant caused any damages, and/or that class treatment is appropriate under Federal Rule of Civil Procedure 23.

## THE PARTIES

9. Defendant admits that Plaintiff Barbara McHugh purchased a long-term care insurance policy number 14363-46175 from Defendant which included a 5% Automatic Simple Benefit Increase Rider. Defendant acknowledges that its records reflect that Ms. McHugh is the policy owner and that her address of record is in Placentia, California.

10. Defendant admits that Plaintiff Charles Patrick McHugh purchased a long-term care insurance policy number 14363-46135 from Defendant which included a 5% Automatic Simple Benefit Increase Rider. Defendant acknowledges that its records reflect that Mr. McHugh is the policy owner and that his address of record is in Placentia, California.

11. Defendant admits that Plaintiff John Ellsworth purchased a long-term care insurance policy number 14630-5985 from Defendant which included a 5% Automatic Compound Increase Rider. Defendant acknowledges that its records

reflect that Mr. Ellsworth is the policy owner and that his address of record is in San Jose, California.

12. Defendant admits that MLIC is incorporated under the laws of the State of New York. Defendant further admits that MLIC's corporate headquarters are located in New York, New York. Defendant admits MLIC is qualified to do business in California. The remaining allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. Defendant states that the allegations in Paragraph 13 constitute a legal conclusion to which no response is required.

14. Defendant admits that MLIC conducts business in California and that it issued long-term care insurance policies to Plaintiffs residing in the State of California. The remaining allegations in Paragraph 14 constitute a legal conclusion to which no response is required.

15. Defendant states that the allegations in Paragraph 15 constitute legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

16. Defendant admits it priced and sold individual long-term care insurance policies, and denies any remaining allegation in Paragraph 16.

17. Defendant admits that people purchase long-term care insurance for various, personal reasons. Defendant denies any remaining allegation in Paragraph 17.

18. Defendant lacks sufficient information to form a belief as to the allegations in Paragraph 18 and therefore denies them.

19. Defendant admits that it sold VIP1 long-term care insurance policies to California resident policyholders beginning in 2002 to 2007, VIP2OLD long-term care insurance policies to California resident policyholders beginning in 2005 to

2010, and VIP2NEW long-term care insurance policies to California resident policyholders beginning in 2010 to 2011, and that the premiums for those policies were reviewed and approved by the CDI. Defendant admits that the individuals who originally purchased each specific policy form are identifiable. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant admits that certain of its long-term care insurance policies offered potential customers the option of the Inflation Riders and other premium payment options, in conformance with as required by law. Defendant denies the remaining allegations in Paragraph 20.

21. Defendant admits that Plaintiff John Ellsworth purchased a long-term care insurance policy with an effective date of January 19, 2007. Defendant further admits that a copy of Mr. Ellsworth's policy describing the terms of his long-term care insurance coverage was attached as Exhibit A to the Complaint.

22. Defendant admits that Plaintiffs Barbara McHugh and Charles Patrick McHugh purchased long-term care insurance policies with effective dates of February 1, 2008. Defendant further admits that copies of Barbara McHugh and Charles Patrick McHugh's policies describing the terms of their long-term care insurance coverage were attached as Exhibits B and C to the Complaint.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant admits that Plaintiffs purchased Inflation Riders as part of the purchase of their long-term care insurance policies. Defendant refers the Court to the policies attached as Exhibits A, B, and C to the Complaint for their terms and coverage language.

25. Defendant admits that Mr. Ellsworth's policy contains the language partially quoted in Paragraph 25, and refers to that document for the full content and context of the quoted statements. Defendant denies the emphasis that Plaintiffs have attributed to this quotation and also denies the remaining allegations in Paragraph 25.

26. Defendant admits that Barbara McHugh and Charles Patrick McHugh's policy contains the language partially quoted in Paragraph 26, and refers to that document for the full content and context of the quoted statements. Defendant denies the emphasis that Plaintiffs have attributed to this quotation and also denies the remaining allegations in Paragraph 26.

27. Defendant denies the allegation in the first sentence of Paragraph 27 because it is not a statement of any known fact and subject to generalization and currently lacks sufficient information to form a belief as to the views of "insureds." Defendant denies the allegations in the second sentence of Paragraph 27.

28. Defendant admits that additional premiums were required for the Inflation Riders that Plaintiffs purchased as part of their long-term care insurance policies. Defendant denies the remaining allegations in Paragraph 28.

29. Defendant admits that it sent notification letters to Plaintiffs on April 15, 2021, regarding the CDI's approved increases to their premium for long-term care insurance coverage ("**Notification Letters**"). Defendant refers the Court to the letters attached as Exhibits D, E, and F to the Complaint for the full language. Defendant denies the remaining allegations in Paragraph 29.

30. Defendant admits that the Notification Letters contain the language partially quoted in Paragraph 30, and refer to the Notification Letters for the full content and context of the quoted statements. Defendant denies the remaining allegations in Paragraph 30.

31. Defendant admits that the Notification Letters contain the language partially quoted in Paragraph 31, and refer to the Notification Letters for the full content and context of the quoted statements. Defendant denies the emphasis that Plaintiffs have attributed to this quotation and also deny the remaining allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34.     Defendant states that Paragraph 34 purports to partially quote from and refer to Plaintiffs' policies, and refers the Court to those policies that contain the substantive terms of Plaintiffs' long-term care coverage (Exhibits A, B, and C to the Complaint), for their full terms which speak for themselves. Defendant denies any remaining allegations of Paragraph 34.

35.     Defendant admits that it submitted a premium rate increase request for the VIP2 policy series to the CDI in February 2019, which included, as required by the California Insurance Code, an Actuarial Memorandum that addressed "the analysis performed to determine why a rate adjustment is necessary, which pricing assumptions were not realized and why, and what other actions taken by the company have been relied on by the actuary." Defendant refers to its filed rate increase submission to the CDI in February 2019 for the VIP2 long-term care insurance policies for the full content and context of the information implicated in Paragraph 35. Defendant admits that on various dates it submitted information in support of premium rate increases on various series of long-term care insurance policies to additional state insurance departments. Defendant otherwise denies the allegations in Paragraph 35.

36.     Defendant refers to its filed rate increase submission on VIP2 long-term care insurance policies to the CDI in February 2019 for the full content and context of the information implicated in Paragraph 36. Defendant states that the imprecise nature of the allegations in this paragraph render it unsusceptible to further response and on that basis Defendant denies the allegations in Paragraph 36.

37.     Defendant denies the allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38. Defendant further states that Paragraph 38 purports to refer to various memoranda and submissions to state departments of insurance and refers to those documents for their full content.

39. Defendant denies the allegations of Paragraph 39. Defendant further states that Paragraph 39 purports to refer to various memoranda and submissions to state departments of insurance and refers to those documents for their full content.

40. Defendant admits that it calculates annual loss ratios by dividing the actual amount of claims incurred that year by the actual amount of earned premium that year. Defendant denies any remaining allegation in Paragraph 40.

41. Defendant states that it considered various factors in calculating projected loss ratios. Defendant otherwise denies the allegations in Paragraph 41.

42. Defendant admits that it uses the anticipated "daily benefit amount" in calculating anticipated future claim amounts, among a number of various factors. Defendant denies the remaining allegations in Paragraph 42

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant currently lacks sufficient information to form a belief as to what any Plaintiff believed as articulated in the first sentence of Paragraph 52 and therefore denies that allegation. Defendant denies the reasonableness of any belief that premiums would not increase, and denies the allegations in the second sentence of Paragraph 52 and any remaining allegations in this Paragraph.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in paragraph 55. Defendant further states that Paragraph 55 purports to refer to documents, the full terms of which speak for themselves.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59. Defendant further states that the allegations in the second sentence of Paragraph 59 are legal conclusions to which no response is required.

60. Defendant denies the allegations in Paragraph 60 and denies that the Plaintiffs are entitled any relief, or any implication that Plaintiffs' claims have merit, and/or that Defendant caused any damages.

## CLASS ALLEGATIONS

61. Defendant acknowledges that Plaintiffs purport to represent a putative class as defined in the Complaint. Defendant denies any implication that Plaintiffs' claims have merit and that class treatment is appropriate under Federal Rule of Civil Procedure 23.

62. Defendant states that the allegations in Paragraph 62 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 62.

63. Defendant states that the allegations in Paragraph 63 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 63.

64. Defendant states that the allegations in Paragraph 64 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 64.

65. Defendant states that the allegations in Paragraph 65 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 65.

66. Defendant states that the allegations in Paragraph 66 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 66.

67. Defendant states that the allegations in Paragraph 67 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 67.

## FIRST CAUSE OF ACTION

### (Common Law Fraud)

68. Defendant hereby incorporates paragraphs 1-67 of its Answer, and by this reference incorporates each and every denial of an allegation therein as if set forth herein.

69. Defendant acknowledges that Plaintiffs purport to represent a putative class as defined in the Complaint. Defendant denies any implication that Plaintiffs' claim has merit and that class treatment is appropriate under Federal Rule of Civil Procedure 23.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies any and all fact allegations in Paragraph 74 and denies any implication of fraud.

75. Defendant admits that it notified Plaintiffs on April 15, 2021, about increases to their premium for VIP2 long-term care insurance coverage. Defendant denies the remaining allegations in Paragraph 75.

76. Defendant admits that it has made long-term care insurance premium rate increase submissions to various state insurance departments, including the CDI. Defendant further states that the remainder of the allegations in the first sentence of Paragraph 76 refer to documents, the full terms of which speak for themselves. Defendant denies the remaining allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77. To the extent that the allegations in this Paragraph reference a specific document (which Defendant denies), Defendant refers the Court to the applicable policy for its full terms.

78. Defendant denies the allegations in Paragraph 78. To the extent that the allegations in this Paragraph reference a specific document (which Defendant denies), Defendant refers the Court to the applicable policy for its full terms.

79. Defendant denies the allegations in Paragraph 79. To the extent that the allegations in this Paragraph reference a specific document (which Defendant denies), Defendant refers the Court to the applicable policy for its full terms.

80. Defendant denies the allegations in Paragraph 80. To the extent that the allegations in this Paragraph reference a specific document (which Defendant denies), Defendant refers the Court to the applicable policy for its full terms.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies any fact allegation in Paragraph 82 regarding Defendant's conduct. Defendant currently lacks sufficient information to form a belief as to the truth of the statements in Paragraph 82 regarding the Plaintiffs' opinions and therefore denies them.

83. Defendant denies the allegations in the first sentence of Paragraph 83. Defendant acknowledges that Plaintiffs pray for disgorgement as a remedy in the lawsuit, but denies that Plaintiffs are entitled to any of the relief sought. Defendant denies the remaining allegations in this Paragraph, including any implication that Plaintiffs' claims have merit, that Defendant caused any damages, and/or that class treatment is appropriate under Federal Rule of Civil Procedure 23.

84. Defendant denies the allegations in this Paragraph 84, including any implication that Plaintiffs' claims have merit, that Defendant caused any damages, and/or that class treatment is appropriate under Federal Rule of Civil Procedure 23.

## SECOND CAUSE OF ACTION

### (Fraudulent Concealment)

85. Defendant hereby incorporates paragraphs 1-84 of its Answer, and by this reference incorporates each and every denial of an allegation therein as if set forth herein.

86. Defendant acknowledges that Plaintiffs purport to represent a putative class as defined in the Complaint. Defendant denies any implication that Plaintiffs' claim has merit and that class treatment is appropriate under Federal Rule of Civil Procedure 23.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant states that the allegations in Paragraph 89 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies any fact allegation in Paragraph 92 regarding Defendant's conduct. Defendant currently lacks sufficient information to form a belief as to the truth of the statements in Paragraph 92 regarding the Plaintiffs' opinions and therefore denies them.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant acknowledges that Plaintiffs pray for disgorgement as a remedy in the lawsuit, but denies that Plaintiffs are entitled to any of the relief sought. Defendant denies the remaining allegations in this Paragraph, including any

implication that Plaintiffs' claims have merit, that Defendant caused any damages, and/or that class treatment is appropriate under Federal Rule of Civil Procedure 23.

95. Defendant acknowledges that Plaintiffs purport to represent a putative class as defined in his Complaint. Defendant denies any remaining allegations in this Paragraph, including any implication that Plaintiffs' claims have merit, that Defendant caused any damages, and/or that class treatment is appropriate under Federal Rule of Civil Procedure 23.

## THIRD CAUSE OF ACTION

**(Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.)**

96. Defendant hereby incorporates paragraphs 1-95 of its Answer, and by this reference incorporates each and every denial of an allegation therein as if set forth herein.

97. Defendant acknowledges that Plaintiffs purport to represent a putative class as defined in the Complaint. Defendant denies any implication that Plaintiffs' claim has merit and that class treatment is appropriate under Federal Rule of Civil Procedure 23.

98. Defendant states that the allegations in Paragraph 98 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 98.

99. Defendant states that the allegations in Paragraph 99 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 99.

100. Defendant denies the allegations in Paragraph 100.

101. Defendant denies the allegations in Paragraph 101. To the extent that the allegations in this Paragraph reference a specific document (which Defendant denies), Defendant refers the Court to the applicable plan for its full terms.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant lacks sufficient information to form a belief as to the truth of the statements in Paragraph 106 and therefore denies them.

107. Defendant lacks sufficient information to form a belief as to the truth of the statements in Paragraph 107 and therefore denies them.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant acknowledges that Plaintiffs purport to represent a putative class as defined in his Complaint. Defendant denies any remaining allegations in this Paragraph, including any implication that Plaintiffs' claims have merit, that Defendant caused any damages, and/or that class treatment is appropriate under Federal Rule of Civil Procedure 23.

110. Defendant denies the allegations in this Paragraph, including any implication that Plaintiffs' claims have merit, that Defendant caused any damages, and/or that class treatment is appropriate under Federal Rule of Civil Procedure 23.

111. Defendant states that the allegations in Paragraph 111 constitute a legal conclusion to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 111.

## FOURTH CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

112. Defendant hereby incorporates paragraphs 1-111 of its Answer, and by this reference incorporates each and every denial of an allegation therein as if set forth herein.

113-121. Plaintiffs' Fourth Cause of Action of Breach of Implied Covenant of Good Faith and Fair Dealing was dismissed pursuant to the Court's Order dated December 16, 2022 (ECF No. 49, at p. 9). Accordingly, no response is required to

Paragraphs 113 to 121, as such allegations have been dismissed from this action with prejudice.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs have any meritorious claim which would entitle them to relief and denies any implication that class treatment is appropriate. Accordingly, Defendant denies Plaintiffs' Prayer.

## DEFENSES

Defendant avers that each of the following defenses are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Defendant does not, implicitly or otherwise, undertake any burden of proof or production as to any of these defenses that the law does not otherwise impose. Defendant reserves the right to assert additional defenses as they become known during the course of discovery, and expressly reserves the right to amend and/or supplement this Answer.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted. By so stating, Defendant does not assume any burden that Defendant would not otherwise have as a matter of law.

## SECOND DEFENSE

Plaintiffs' claims, and those of the putative class, are barred because of the filed-rate doctrine.

## THIRD DEFENSE

Plaintiffs' claims, and those of the putative class, are barred because state insurance regulatory agencies have primary jurisdiction over Plaintiffs' claims.

## FOURTH DEFENSE

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because they have failed to exhaust administrative remedies.

### FIFTH DEFENSE

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because at all relevant times Defendant acted consistent with applicable insurance laws, regulations, rules, instructions, and/or guidelines.

### SIXTH DEFENSE

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, by the applicable statute(s) of limitations and/or the equitable doctrines of laches, estoppel, and waiver.

### SEVENTH DEFENSE

Plaintiffs' claims, and those of the putative class, are barred because Defendant's conduct is immune from challenge by virtue of statutes, regulations, and/or other doctrines precluding challenges to ratemaking-related activities by private action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class at all relevant times had a duty to take reasonable action to mitigate their damages and failed, neglected and/or refused to do so.

### NINTH DEFENSE

Plaintiffs' claims, and those of the putative class, are barred because any and all actions taken by Defendant were, at all times, lawful, proper, and consistent with its duties and obligations, and Defendant did not otherwise have any obligation or duty to take any action or make any other disclosure not taken or made.

### TENTH DEFENSE

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because they have not suffered any cognizable injury or damages.

### ELEVENTH DEFENSE

Plaintiffs have failed to mitigate any damage they may have as a result of the alleged conduct.

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice, or alternatively, that judgment be entered in favor of Defendant;

3. For a judgment and decree awarding costs, including attorneys' fees; and

4. For any other and further relief as the Court may deem just and proper.

Dated: December 30, 2022

DENTONS US LLP
MICHAEL J. DUVALL
SANDRA D. HAUSER
DREW W. MARROCCO
MARILYN B. ROSEN

By: */s/ Michael J. Duvall*
    Michael J. Duvall

Counsel for Defendant
METROPOLITAN LIFE INSURANCE COMPANY